Appeal from Court of General Sessions, New York County.

Reuben Goldberg was convicted of selling goods at false weight, and he appeals. Reversed, and defendant discharged.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Bernard Fliashnick, for appellant.

Robert S. Johnstone, for respondent.

DOWLING, J. Defendant has been convicted of a misdemeanor in violating section 2411 of the Penal Law, which provides as follows:

"A person who injures or defrauds another by using with knowledge that the same is false, a false weight, measure or other apparatus, for determining the quantity of any commodity, or article of merchandise, or by knowingly delivering less than the quantity he represents, is guilty of a misdemeanor."

Defendant, who was engaged in business as a butcher, was claimed to have violated this section, in that he sought to charge one Brennan $2.97 as the purchase price of a turkey claimed by him to weight 11 pounds, when in fact it weighed but 10½ pounds. Brennan parted with no money, for defendant refused to accept a $5 bill tendered in payment. There is no claim that false weights were used, and the conviction must rest, if at all, on the contention that defendant had injured or defrauded Brennan in some way, by delivering less than the quantity of the article as represented. As Brennan gave no money or other consideration of any kind to plaintiff, never retained possession of the turkey, and the sale never was actually consummated, he never was injured or defrauded in any way. The evidence discloses no more, at most, than an attempt to commit the crime charged, and falls far short of justifying the conviction.

The judgment of conviction must be reversed, and the defendant discharged. All concur.

---

### In re DEVOE.

(Supreme Court, Appellate Division, First Department. November 1, 1911.)

ELECTIONS (§ 131*)—CONVENTION—NOMINATIONS.

>   Where the person duly designated to call a district aldermanic convention to order was present at the convention, and when it was called to order stood on the platform, and either called it to order himself or procured another to do so for him, and thereafter a majority of the delegates elected to the convention unanimously nominated D. as the candidate of the political party for alderman, he was properly certified as the regular nominee, as against one attempted to be nominated, by persons not delegates, before the temporary or permanent chairman had been elected, and without a roll call.

>   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 131.*]

Appeal from Special Term, New York County.

Objections to the nomination of Harry J. Devoe as candidate for alderman of the Thirty-Second district. From an order sustaining the objections, Devoe appeals. Reversed, and objections overruled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

T. A. McGrath, for appellant.

A. G. Meyer and A. S. Gilbert, for respondents.

PER CURIAM. It appears that Percy L. Davis was duly designated as the person to call the Thirty-Second district aldermanic convention to order; that he was present at the convention, and, when the convention was called to order, stood upon the platform, and either called it to order himself, or the convention was called to order by one Bloom, standing alongside of him, at his suggestion, and with his consent; that subsequently a majority of the delegates elected to this convention acted, and unanimously nominated Harry J. Devoe as the candidate of the Independence League for alderman. We think, upon the formal documents executed, and upon the testimony, it was established that Harry J. Devoe was the nominee of this convention, and that the certificate to that effect, filed and verified, should be recognized by the board of elections.

It would appear that a minority of the convention, or some other persons, not delegates, attempted to nominate one James J. McAvoy, before the temporary and permanent chairmen were elected, and without a roll call; but it is apparent that such attempted nomination was not by a majority of the delegates elected to the convention, and was not a legal nomination. It was conceded upon the argument that an order had been entered at Special Term sustaining the objections to the nomination of Harry J. Devoe.

The order sustaining such objections must be reversed, and the objections overruled.

---

## COLTON v. KENNEDY.

(Supreme Court, Trial Term, New York County. October, 1911.)

1. SALES (§ 6*)—SALE OR PLEDGE.

The K. Co. gave its note to plaintiff, depositing therewith 10 of its second mortgage bonds as collateral security. The mortgage was afterwards foreclosed, and before sale defendant agreed that if plaintiff would not bid at the sale, and if defendant should bid in the corporate property at a certain price over the amount of the liens prior to the second mortgage, he would reorganize the company, by forming a new corporation to take the property purchased by him, and would then deliver to plaintiff 10 of the first mortgage bonds issued to take the place of the second mortgage bonds. Plaintiff thereupon delivered his bonds to the person conducting the sale, and defendant bid in the property and had the benefit of the second mortgage bonds delivered up by plaintiff in paying the amount of his bid. Defendant conveyed the property purchased to a new corporation, but refused to deliver to plaintiff the 10 first mortgage bonds as agreed. *Held*, that the agreement between plaintiff and defendant was really a sale of the bonds to defendant, upon his agreement to pay for them by protecting plaintiff from loss by giving him other bonds in return, so that plaintiff could recover from defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes